UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Docket No. 11-10906

**************************************
DAVID E. FORTIN AND                      *
SUSAN M. FORTIN,                         *
                        Plaintiff,       *
v.                                       *
                                         *
AURORA LOAN SERVICES, LLC,               *
AND/OR HIS SUCCESSOR/S/,                 *
INDIVIDUALLY, AND IN HIS                 *
OFFICIAL CAPACITY AS,                    *
BENEFICIARY, AND/OR                      *
SUBSITUTION TRUSTEE, TRUSTEE,            *
OTHER TITLES UNKNOWN TO                  *
PLAINTFFS, RELIANT MORTGAGE              *
COMPANY LLC AND/OR HIS                   *
SUCCESSOR/S/, INDIVIDUALLY,              *
AND IN HIS OFFICIAL CAPACITY AS,         *
SUCCESSOR TRUSTEE, APPOINTED             *
BY MORTGAGE ELECTRONIC                   *
REGISTRATION SYSTEMS, LLC                *
(AKA MERS), SECURED BY                   *
FOREGOING DEED OF TRUST                  *
NOTED HEREIN, AND JOHN DOES              *
(UNKNOWN PARTIES CLAIMING                *
RIGHTS TO SAID DEED OF TRUST             *
AND NOTE HEREIN, (1-10,000), ET AL,      *
                        Defendants.      *
**************************************

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO LIFT PRELIMINARY INJUNCTION

The Defendants, Aurora Loan Services, LLC ("Aurora") et. al, by and through their

attorneys, Doonan, Graves & Longoria LLC, hereby submits the following Memorandum of Law

in Support of its Motion to Lift Preliminary Injunction ("Motion").

## I.   INTRODUCTION

Prior to Removal of this action, a Temporary Restraining Order and Preliminary Injunction were issued to the Plaintiffs and continued by this Court prior to any opposition being filed by Defendants. Accordingly, the foreclosure sale scheduled for May 27, 2011, was postponed by public proclamation to June 30, 2011. As set forth below, the Plaintiffs have failed to meet their burden of satisfying the standard required for the issuance of a temporary restraining order and/or preliminary injunction.  The Plaintiffs do not dispute their failure to pay their mortgage for over two years, nor do they set forth a legal basis which if proven would preclude the foreclosure of their mortgage. As a third party they have no right to enforce the Home Affordable Modification Program ("HAMP") and no right under the contract to force the modification of same. The fact that they were offered a trial HAMP modification, pending verification of their financial information, does not entitle them to a permanent modification of their contract. *See McKensi v. Bank of America*, N.A., 2010 WL 3781841, at *4 (D. Mass. Sept. 22, 2010)(Borrower is not an intended third party beneficiary under HAMP).

## II.   FACTUAL AND PROCEDURAL HISTORY

On November 22, 2005, the Plaintiff, David E. Fortin, executed a Note in favor of Reliant Mortgage Company, LLC, in the amount of four hundred seventy two thousand and 00/100 ($472,000.00) dollars ("Note").  *See* Exhibit A (a true and correct copy of the Note from the Origination file[1] is attached hereto and incorporated herein).  To secure the loan obligation, the Plaintiffs, David E. Fortin and Susan M. Fortin, Husband and Wife as Joint Tenants, executed a Mortgage in favor of Reliant Mortgage Company, LLC on property located at 15 Forest Street, Pembroke, MA 02359 ("Property"), which was recorded on November 28, 2005, in the Plymouth County Registry of Deeds in Book 31800, at Page 320-340 ("Mortgage"). *See* Exhibit

---

[1] Original Note has been requested and will be supplemented once received.

B (a true and correct copy of the Mortgage is attached hereto and incorporated herein). The aforesaid Note and Mortgage were subsequently assigned and transferred to Aurora Loan Services, LLC on August 11, 2009. An Assignment of Mortgage from Mortgage Electronic Registration Systems, Inc. as nominee for Reliant Mortgage Company, LLC to Aurora Loan Services, LLC, dated August 11, 2009, was recorded on August 19, 2009, at the aforesaid Registry in Book 37628, at Page 347-348 ("Assignment"). *See* Exhibit C (a true and correct copy of the Assignment is attached hereto and incorporated herein).

The Plaintiffs made payments on the Mortgage to Aurora from January 2006 to May 2009. The last payment received was September 2, 2010, in the amount of $3,316.00, which was applied to the October 2009 payment due. In January 2010, the Plaintiffs entered into Trial Payment Plan. The Plaintiffs were denied a permanent HAMP modification based on the fact that they did not submit the necessary documentation.

On May 11, 2011, the Plaintiff filed their Complaint and Motion in the Plymouth County Superior Court as civil action number PLCV2011-00537. On or about May 20, 2011, the Defendant, through the undersigned, received the Motion by mail and subsequently removed the matter to this Court. The Defendant postponed the foreclosure sale by public proclamation pursuant to this Court's order to stay the temporary restraining order, and the sale is currently scheduled for June 30, 2011.

The Property is valued at approximately $325,000.00. See Exhibit D (a true and correct copy of the Appraisal from April 29, 2011, is attached hereto and incorporated herein.) The total amount owed by the Plaintiff as of May 13, 2011, not including the recent attorney fees and costs, is $537,265.52.

### III.   LEGAL STANDARD

In the First Circuit, in order to obtain a temporary restraining order and/or preliminary injunction, the movant must show: 1) a substantial likelihood of success on the merits; 2) irreparable harm to the movant if relief is not granted; 3) the balancing of the relevant equities, i.e. that harm to the movant outweighs any harm sustained by the opposing party; and 4) that it is in the public interest to grant the injunction. *See Gately v. Commonwealth of Massachusetts*, 2 F.3d 1221, 1224 (1ˢᵗ Cir. 1993), *cert. denied, quoting, Narragansett Indian Tribe v, Guilbert*, 934 F.2d 4, 5 (1ˢᵗ Cir. 1991) (internal citations omitted); *see also Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003).

It is well-settled that "the '*sine qua non* of [the preliminary injunction standard] is whether the plaintiffs are likely to succeed on the merits.'" *Gately v. Commonwealth of Massachusetts*, at 1225 *quoting Weaver v. Henderson*, 984 F.2d 11, 12 (1ˢᵗ Cir. 1993) (alteration in original).

Where, as here, the there is no legal basis to warrant the indefinite postponement of a lawful foreclosure sale by Aurora, the Defendant respectfully requests that the injunction be lifted.  As set forth above, the Plaintiffs have failed to meet their burden under the four part test. They are unable to prove the likelihood of success on the merits or that the equities weigh in their favor regarding staying the foreclosure.  Plaintiffs have failed to make their mortgage payments since 2009; there is no equity in the property; and their complaint fails to state any legal basis to thwart the enforcement of the lien by virtue of a lawful foreclosure sale. For all of these reasons, the injunction of the foreclosure sale should be lifted and Aurora allowed to proceed with the foreclosure sale without delay.

## IV.   ARGUMENT

The Complaint filed by the Fortins in essence asserts that because the Fortins were denied a permanent HAMP modification, the foreclosure should be permanently enjoined. Notwithstanding 1st Circuit precedent to the contrary, the refusal to modify is the underlying basis for Plaintiffs' Complaint styled as: 1) breach of contract; 2) breach of implied covenant of good faith and fair dealing, and 3) promissory estoppel. *See McKensie v. Bank of America* at *4.

### A.  The Plaintiffs' Claim of Breach of Contract Must be Dismissed Because the Plaintiffs Fail to State A Claim Upon Which Relief May Be Granted.

The Plaintiffs assert that the Defendant breached the "Trial Payment Plan Agreement." This claim must be rejected as the HAMP Trial Agreement does not state that all individuals who enter into a Trial Payment Plan are guaranteed a permanent HAMP modification. The federally mandated income verification is precisely why it is a "Trial HAMP."  In the case at hand, Aurora has complied with the HAMP guidelines in determining that the Plaintiffs do not qualify for HAMP.  The Plaintiffs fail to specifically allege what terms of the contract the Defendant breached. The Defendants have complied with the guidelines of HAMP, have reviewed the Plaintiffs for HAMP and have thus determined they fail to qualify. As discussed in more detail below, the Plaintiffs do not have standing under HAMP to challenge Aurora's determination. *See McKensie at *6.* As a result, even if all facts are viewed in the light most favorable to the Plaintiffs, they would still be unable to prove a breach of contract. The Plaintiffs' claim must therefore be dismissed, because they fail to allege sufficient facts to raise a right to relief under these theories.

**B.** **The Plaintiffs' Claim of Breach of the Implied Covenant of Good Faith and Fair Dealing Must be Denied Because Plaintiffs Fail to State a Claim.**

Likewise, the Plaintiffs assert that the Defendant breached the covenant of good faith and fair dealing in their mortgage contract by failing to give them a HAMP modification. This claim must be rejected as a matter of law, because the Plaintiffs cannot meet their burden of establishing a genuine issue of material fact.  In the case at hand, the Plaintiffs fail to specifically allege what terms of the contract the Defendant breached. The Defendant reviewed and considered the Plaintiffs for HAMP, under the requisite guidelines and have properly determined that they fail to qualify.

Moreover, the implied covenant of good faith and fair dealing between a lender and borrower requires that "neither party injures the rights of another to reap the benefits prescribed by the terms of the contract . . . the purpose of the covenant is to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance." *Uno Restaurants, Inc. v. Boston Kenmore Realty Corp.*, 441 Mass. 376, 385, 805 N.E.2d 957, 965 (2004). In maintaining a claim for breach of the implied covenant of good faith and fair dealing, "the plaintiff has the burden of proving a lack of good faith." *T.W. Nickerson, Inc. v. Fleet Nat'l Bank*, 456 Mass. 562, 570, 924 N.E.2d 696, 704 (2010). "In the lender-borrower context, the implied covenant 'would require that the bank be honest in its dealings with [plaintiffs] and that it not purposefully injure [their] right to obtain the benefit of the contract.'" *Famm Steel, Inc. v. Sovereign Bank*, 571 F.3d 93, 100 (1st Cir. 2009)(citing *Shawmut Bank, N.A. v. Wayman*, 34 Mass.App.Ct. 20, 606 N.E.2d 925, 928 (1993)).

Here, the Plaintiffs' Complaint is legally and factually insufficient in establishing the Defendant's lack of good faith in performing under the loan agreement.  The Plaintiffs do not allege any conduct on the part of the Defendant that prevented them from reaping the benefits of

the contract between them.  In fact, it was a result of the Plaintiffs' own conduct in failing to pay

their mortgage that led to the Defendant commencing foreclosure proceedings.  As the record

shows, the Defendant has acted in accordance with the terms of the loan documents and the

federally mandated guidelines for HAMP.

     The Plaintiffs do not set forth sufficient factual allegations to sustain a cause of action for

breach of covenant of good faith and fair dealing.  Even if the allegations in support of this claim

are presumed true, they do not change the fact that the Plaintiffs defaulted, nor state a cause of

action that would preclude enforcement of the loan agreement.  Since the Plaintiffs cannot meet

their burden of establishing a triable issue of fact to sustain a cause of action for breach of

covenant of good faith and fair dealing, the Preliminary Injunction should be lifted.

**C.  The Plaintiffs' Claim for a Loan Modification Fails as a Matter of Law and Must be Dismissed.**

     The Plaintiffs' claim that they have a right to a loan modification is not supported in law

or fact.  While loss mitigation is offered to borrowers whose loans are in default or who are

facing financial hardship, under Massachusetts law, there is no inherent right to a loan workout

or an obligation on the part of the mortgagee and/or servicer to modify each and every loan.

Moreover, there are no provisions in the loan documents obligating the mortgagee and/or

servicer to workout the Plaintiffs' loan. *See Federal National Mortgage Associates v. Tong,* 60

Mass App. Ct. 1105, 2003 WL 22881029, at *1 (2003).

     Additionally, HAMP does not provide borrowers with either a express or implied private

right of action against loan servicers, whether directly or indirectly through state law.  *See*

*McKensi v. Bank of America,* N.A., 2010 WL 3781841, at *5-6 (D. Mass. Sept. 22, 2010)

(borrower is not an intended third party beneficiary under HAMP); *Williams v. Geithner,* 2009

WL 3757380, at *6 (D. Minn. Nov. 9, 2009) (HAMP guidelines did not intend "to create a

property interest in loan modifications for mortgages in default"; *Marks v. Bank of America,*

*N.A.,* 2010 WL 2572988, at \*4-5 (D. Ariz. June 22, 2010) (Court dismissed the borrower's

breach of contract claim holding that he is not an intended beneficiary of HAMP and further that

HAMP does not provide a private right of action); *Villa v. Wells Fargo Bank, N.A.,* 2010 WL

935680, at \*3 (S.D. Cal. March 15, 2010) (borrower does not have enforceable rights under

HAMP).

To ensure servicer compliance with HAMP, Congress delegated compliance oversight to

Freddie Mac:

> Per designation by the Secretary, Freddie Mac serves as
> compliance officer for the HAMP. . . Nowhere in the
> HAMP Guidelines, nor in the EESA, does it expressly
> provide for a private right of action.   Congressional intent
> expressly indicates that compliance authority was
> delegated solely to Freddie Mac. By delegating
> compliance authority to one entity, Freddie Mac, Congress
> intended that a private cause of action was not permitted.

*Marks v. Bank of America, N.A.,* 2010 WL 2572988, at \*6.

Moreover, HAMP does not require all loans to be modified and does not create an

absolute entitlement to modification, but rather, the statute states specifically that loans may be

modified "where appropriate." *See* 12 U.S.C. §5219(c); *See Williams,* 2009 WL 3757380 at \*6;

*Sankey v. Aurora Loan Services, LLC,* 2010 WL 4450404, at \*2 (D. Mass. Nov. 4, 2010) ("[A]

lender is not required to modify all eligible loans."); *Simmons v. Countrywide Home Loans, Inc.,*

2010 WL 2635220, at \*5 (S.D. Cal. June 29, 2010) ("The Agreement does not state that

Countrywide *must* modify all mortgages that meet the eligibility requirements only that it is

required to *consider* them."). While the Treasury Department has set forth certain threshold

criteria[2] to determine eligible borrowers, it has given servicers some discretion with respect to

---

[2] If the borrower meets the following threshold criteria, the servicer/mortgagee is required to consider the loan for a

certain variables in making eligibility determinations under HAMP and has excused servicers

from performing, if the loan investors have not consented, even after reasonable efforts by the

servicer to remove the prohibition. Supplemental Directive 09-01 at pg. 1.

If the borrower meets the threshold criteria, the servicer must then verify the borrower's

financial information and apply the Waterfall sequence and Net Present Value ("NPV") test as

set forth in the Treasury guidelines to determine if the borrower qualifies for a permanent

modification. Supplemental Directive 09-01 pg. 4 & 8-10.[3]  Here, the Defendant was only

required to consider the Plaintiffs for HAMP and was under no obligation or requirement to

modify. See Marks, 2010 WL 2572988, at *7 ("Because Defendant was not required to admit or

deny Plaintiff's loan, only to consider, Plaintiff could not have been reasonably believed that

Defendant was obligated to modify her loan.").   Accordingly, the Plaintiffs do not have standing

to enforce HAMP against the Defendant and the failure to modify the Plaintiffs' loan is not a

violation of state or federal law and cannot form the basis of a viable claim for relief.

---

permanent modification, subject to investor servicing agreements:

> 1) the loan is a first mortgage loan originated on or before Jan. 1,
> 2009; 2) the loan is secured by a one to four family property, one unit
> of which is the borrower's principal residence, which must be verified
> by the servicer;
> 3) the property has not been abandoned or condemned;
> 4) the current unpaid principal balance is no greater than specified
> limits;
> 5) the loan is delinquent or default is reasonably foreseeable;
> 6) the borrower has a monthly mortgage payment greater than 31% of
> his documented monthly income; and
> 7) the borrower documents financial hardship.

Supplemental Directive 09-01 at pg. 2-3.

[3] The first step requires servicers to capitalize accrued interest, out of pocket escrow advances and any reasonable costs incurred in servicing the loan. Id. at 9.  The second step is to reduce the interest rate in increments of .125%, with a floor of 2%. Id.  If the 31% target is still not reached, the third step is to extend to 40 years. Id.  Finally, if necessary, the servicer forbears a portion of the principal, requiring it to be paid via a balloon payment on maturity of the loan. Id. at 9-10. If these steps do not achieve the 31% target, then modification is not required.
Under the NPV test, the servicer compares the NPV result if the modification takes place to the NPV result if no modification takes place. Id. at 4.  If the NPV result is greater if the modification takes place, then the servicer must modify the loan. If the NPV result is greater if the modification does not take place, then the modification is left to the servicer's discretion – the servicer is not required to modify the loan. Id.

**D. The Plaintiffs Claim of Promissory Estoppel Should be Rejected as a Matter of Law.**

Under the doctrine of promissory estoppel, "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee . . . and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." *Steinke v. Sungard Fin. Sys. Inc.*, 121 F.3d 763, 776 (1st Cir. 1997). To prove a claim of promissory estoppel under Massachusetts law, "a plaintiff must allege that "(1) a promisor makes a promise which he should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee, (2) the promise does induce such action or forbearance, and (3) injustice can be avoided only by enforcement of the promise." *Neuhoff v. Marvin Lumber & Cedar Co.,* 370 F.3d 197, 203 (1st Cir. 2004) (*citing Carroll v. Xerox Corp.*, 294 F.3d 231, 242 (1st Cir. 2002)).

It is unreasonable and contrary to the written terms of the Trial HAMP Agreement to infer a promise to permanently modify a loan. The most generous reading of the Plaintiffs complaint does not support a claim for Promissory Estoppel, as it fails to allege a promise made by Defendant to Plaintiff, which induced detrimental reliance on the part of the Plaintiff.

For all of these reasons outlined above, the Plaintiffs can not satisfy the four (4) part test for sustaining a preliminary injunction and therefore, the Defendant respectfully requests the injunction be lifted and the foreclosure resume.

## V. CONCLUSION

Based on the foregoing, the Defendant respectfully requests that the Preliminary Injunction be lifted and that the foreclosure sale to be allowed to go forward and for such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

Aurora Loan Services, LLC,
By its attorneys,

Date:   6/14/11

/s/ Reneau J. Longoria
Reneau J. Longoria Esq. (BBO #635118)
John A. Doonan (BBO# 547838)
Erin P. Severini, Esq. (BBO# 654644)
Stephen M. Valente (BBO# 663118)
DOONAN, GRAVES & LONGORIA, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
Tel. (978) 921-2670
rjl@dgandl.com

## CERTIFICATE OF SERVICE

I, Reneau J. Longoria, certify that a true copy of the Defendant's Memorandum in Support of Motion to Lift the Preliminary Injunction was served upon all parties in this action by electronic notification and/or by 1st class mail, postage prepaid, on June 14, 2011.

/s/ Reneau J. Longoria
Reneau J. Longoria, Esq.

David E. Fortin
15 Forest Street
Pembroke, MA 02359

Susan M. Fortin
15 Forest Street
Pembroke, MA 02359

Reliant Mortgage Company LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915