UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Docket No. 11-10906

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
DAVID E. FORTIN AND                          \*
SUSAN M. FORTIN,                             \*
              Plaintiff,          \*
v.                                           \*
                                   \*
AURORA LOAN SERVICES, LLC,                   \*
AND/OR HIS SUCCESSOR/S/,                     \*
INDIVIDUALLY, AND IN HIS                     \*
OFFICIAL CAPACITY AS,                        \*
BENEFICIARY, AND/OR                          \*
SUBSITUTION TRUSTEE, TRUSTEE,                \*
OTHER TITLES UNKNOWN TO                      \*
PLAINTFFS, RELIANT MORTGAGE                  \*
COMPANY LLC AND/OR HIS                       \*
SUCCESSOR/S/, INDIVIDUALLY,                  \*
AND IN HIS OFFICIAL CAPACITY AS,             \*
SUCCESSOR TRUSTEE, APPOINTED                 \*
BY MORTGAGE ELECTRONIC                       \*
REGISTRATION SYSTEMS, LLC                    \*
(AKA MERS), SECURED BY                       \*
FOREGOING DEED OF TRUST                      \*
NOTED HEREIN, AND JOHN DOES                  \*
(UNKNOWN PARTIES CLAIMING                    \*
RIGHTS TO SAID DEED OF TRUST                 \*
AND NOTE HEREIN, (1-10,000), ET AL,          \*
              Defendants.         \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DISMISS

In support of its Motion to Dismiss, Defendant Aurora Loan Services, LLC ("Aurora") et al, by and through its attorneys, Doonan, Graves & Longoria, LLC, hereby submits the following Memorandum of Law.

# I. INTRODUCTION

The Plaintiffs commenced this action seeking to permanently enjoin the foreclosure of their mortgage and obtain monetary damages based on the alleged wrongful conduct of the Defendant with regard to not offering the Plaintiffs a permanent HAMP modification. The Plaintiffs are not challenging the origination of the loan or their default and also do not contest the propriety of the actions taken to foreclose the mortgage pursuant to the power of sale. The Plaintiffs are solely challenging actions taken by the Defendant relating to the denial of a permanent HAMP modification. The Complaint is deficient as to specific factual allegations, which if proven would justify the monetary relief requested by the Plaintiffs and/or support a permanent injunction of the mortgagee's right to foreclose. As a third party they have no right to enforce the Home Affordable Modification Program, ("HAMP"), and no right under the contract to force the modification of same. The fact that they were offered a trial HAMP modification, pending verification of their financial information, does not entitle them to a permanent modification of their contract. *See McKensi v. Bank of America, N.A.*, 2010 WL 3781841, at *4 (D. Mass. Sept. 22, 2010)(Borrower is not an intended third party beneficiary under HAMP). Due to the Plaintiffs' filing for a Temporary Restraining Order, and this Court's subsequent continuance of the Temporary Restraining Order, as well as the pending motion to lift stay, the foreclosure sale scheduled for May 27, 2011, was postponed by public proclamation to June 30, 2011, and further to August 2, 2011.

# II. FACTUAL AND PROCEDURAL BACKGROUND

On November 22, 2005, the Plaintiff, David E. Fortin executed a Note to Reliant Mortgage Company, LLC, in the amount of four hundred seventy two thousand and 00/100 ($472,000.00) dollars ("Note"). *See* Exhibit A (a true and correct copy of the Note from the

2

Origination file[1] is attached hereto and incorporated herein). To secure the loan obligation, the Plaintiffs, David E. Fortin and Susan M. Fortin, Husband and Wife as Joint Tenants, gave a Mortgage to Reliant Mortgage Company, LLC on property located at 15 Forest Street, Pembroke, MA 02359 ("Property"), which was recorded on November 28, 2005, in the Plymouth County Registry of Deeds in Book 31800, at Page 320-340 ("Mortgage"). *See* Exhibit B (a true and correct copy of the Mortgage is attached hereto and incorporated herein). The aforesaid Note and Mortgage were assigned and transferred to Aurora Loan Services, LLC on August 11, 2009. An Assignment of Mortgage from Mortgage Electronic Registration Systems, Inc. as nominee for Reliant Mortgage Company, LLC to Aurora Loan Services, LLC, dated August 11, 2009, was recorded on August 19, 2009, at the aforesaid Registry in Book 37628, at Page 347-348 ("Assignment"). *See* Exhibit C (a true and correct copy of the Assignment is attached hereto and incorporated herein).

In June of 2008, the Plaintiffs defaulted on their loan obligation and the Defendant commenced foreclosure proceedings against the subject property. After obtaining judgment in the Land Court, the Defendant scheduled the foreclosure sale for May 13, 2011, and postponed the foreclosure action to May 27, 2011, and was postponed by public proclamation to June 30, 2011 and further to August 2, 2011.

The Plaintiffs made payments on the Mortgage to Aurora from January 2006 to May 2009. The last payment received was September 2, 2010, in the amount of $3,316.00, which was applied to the October 2009 payment due. In January 2010, the Plaintiffs entered into Trial Payment Plan ("TPP"). The Plaintiffs were denied a permanent HAMP modification based on the fact that they did not submit the necessary documentation.

---

[1] Original Note has been requested and will be supplemented once received.

3

On May 11, 2011, the Plaintiffs filed their Complaint and Motion in the Plymouth County Superior Court as civil action number PLCV2011-00537. On or about May 20, 2011, the Defendant, through the undersigned, received the Motion by mail and subsequently removed the matter to this Court. The Defendant postponed the foreclosure sale by public proclamation pursuant to this Court's order to stay the temporary restraining order, and it is presently scheduled for August 2, 2011.

The Plaintiffs do not dispute their non-payment of the loan, but rather asserts that Defendants failed to provide a permanent HAMP modification. Complaint at pg 10, paragraph 57f. The Plaintiff's Complaint asserts three (3) counts. In Count One, the Plaintiff alleges Breach of Contract. In Count Two, the Plaintiffs allege Breach of Implied Covenant of Good Faith and Fair Dealing. In Count Three, the Plaintiffs allege Promissory Estoppel, in the alternative. The Plaintiffs seek "actual and punitive damages; judgment for Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing as well a declaration on the Promissory Estoppel, permanent enjoining of foreclosure auction, fees and costs associated with this action, order specific performance of Defendants' contractual obligations."

On May 20, 2011, this Court continued the Superior Court's Temporary Restraining Order. On June 14, 2011, the undersigned counsel on behalf of Aurora filed a Motion to Lift Preliminary Injunction. That Motion is still pending. The foreclosure sale was scheduled for June 30, 2011, and has been postponed by public proclamation until August 2, 2011, and will be postponed again if the Motion to Lift Stay has not been decided, however the underlying Complaint for damages remains and, as set forth below, does not sufficiently state a claim upon which relief can be granted.

## III. LEGAL STANDARD

Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Fed. R. Civ. P. 12(b)(6) allows for the dismissal of a complaint, if it fails to state a claim upon which relief can be granted. Dismissal is appropriate when the complaint fails to plead sufficient facts demonstrating a plausible entitlement to the relief requested. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1950 (2009). When reviewing a complaint for dismissal, the "factual allegations must be enough to raise a right to relief above the speculative level . . ." *Bell Atlantic Corp.*, 550 U.S. at 555. In order to survive a motion to dismiss, a complaint must allege enough facts to support a claim for relief that is not just "conceivable" but "plausible on its face." *Id.* at 570. Bare allegations and legal conclusions and/or a "formulaic recitation of a cause of action's elements will not do." *Id.* at 555.

In reviewing a motion to dismiss, when a complaint includes exhibits and said exhibits contradict the allegations set forth in the complaint, the exhibits control. *Clorox Co. v. Procter & Gamble Commercial Co.* 228 F.3d 24, 32 (1st Cir. 2000). Additionally, the Court may take judicial notice of actions proceeding in other forums and matters of public record, as well as, documents, whose authenticity is not challenged, that are incorporated by reference within the complaint's factual allegations. *See In re Colonial Mortgage Bankers*

*Corp.*, 324 F.3d 12, 15-16 (1st Cir. 2003) ("These principles require us to consider not only the complaint but also matters fairly incorporated within it and matters susceptible to judicial notice."); *see also Beddall v. State Street Bank and Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998).

## IV. ARGUMENT

### A. The Plaintiffs' Claims in Counts I and II of Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing Must be Dismissed Because the Plaintiffs Fail to State A Claim Upon Which Relief May Be Granted.

The Plaintiffs assert that the Defendant breached the contract and the covenant of good faith and fair dealing by "failing to provide a permanent HAMP modification." This claim must be dismissed, because it fails to allege sufficient facts to raise a right to relief under these theories.

In the case at hand, the Plaintiffs fail to specifically allege what terms of the contract the Defendant breached. The Plaintiffs make only conclusory allegations that are not supported by any facts. The Plaintiffs assert that the Defendant breached the "Trial Payment Plan Agreement." This claim must be rejected as the HAMP Trial Agreement does not state that all individuals who enter into a Trial Payment Plan are guaranteed a permanent HAMP modification. There is no provision in the original mortgage contract that mandates a modification. The federally mandated income verification is precisely why it is a "Trial HAMP." In the case at hand, Aurora has complied with the HAMP guidelines in determining that the Plaintiffs do not qualify for HAMP, however even if they had not complied, the failure to comply is not a basis for relief of any kind. *See McKensi v. Bank of America*, N.A., 2010 WL 3781841, at *5-6 (D. Mass. Sept. 22, 2010).

Further, the Plaintiffs fail to specifically allege what terms of the contract the Defendant breached. The Defendants have complied with the guidelines of HAMP, have

reviewed the Plaintiffs for HAMP and have determined they fail to qualify. As discussed in more detail below, the Plaintiffs do not have standing under HAMP to challenge Aurora's determination. *See McKensi* at *6. As a result, even if all facts are viewed in the light most favorable to the Plaintiffs, they would still be unable to prove a breach of contract or a breach of good faith and fair dealing. *See Anilus v. OneWest Bank, FSB* 2011 WL 2735052 (Mass.Super.) The Plaintiffs' claim must therefore be dismissed, because they fail to allege sufficient facts to raise a right to relief under these theories.

Moreover, the implied covenant of good faith and fair dealing between a lender and borrower requires that "neither party injures the rights of another to reap the benefits prescribed by the terms of the contract . . . the purpose of the covenant is to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance." *Uno Restaurants, Inc. v. Boston Kenmore Realty Corp.*, 441 Mass. 376, 385, 805 N.E.2d 957, 965 (2004). "The covenant may not, however, be invoked to create rights and duties not otherwise provided for in the existing contractual relationship . . ." *Id.* In maintaining a claim for breach of the implied covenant of good faith and fair dealing, "the plaintiff has the burden of proving a lack of good faith." *T.W. Nickerson, Inc. v. Fleet Nat'l Bank*, 456 Mass. 562, 570, 924 N.E.2d 696, 704 (2010). "In the lender-borrower context, the implied covenant 'would require that the bank be honest in its dealings with [plaintiffs] and that it not purposefully injure [their] right to obtain the benefit of the contract.'" *Famm Steel, Inc. v. Sovereign Bank*, 571 F.3d 93, 100 (1st Cir. 2009) (citing *Shawmut Bank, N.A. v. Wayman*, 34 Mass.App.Ct. 20, 606 N.E.2d 925, 928 (1993)).

Here, the Plaintiffs' Complaint is legally and factually insufficient in establishing the Defendant's lack of good faith in performing under the loan agreement. The Plaintiffs do not

allege any conduct on the part of the Defendant that prevented them from reaping the benefits of the contract between them. In fact, it was a result of the Plaintiffs' own conduct in failing to pay their mortgage that led to the Defendant commencing foreclosure proceedings. As the record reflects and the Plaintiffs do not contest, the Defendant has acted in accordance with the terms of the loan documents in enforcing its lien and foreclosing the mortgage

The Plaintiffs do not set forth sufficient factual allegations to sustain a cause of action for breach of covenant of good faith and fair dealing. Even if the allegations in support of this claim are presumed true, they do not change the fact that the Plaintiffs defaulted, nor state a cause of action that would preclude enforcement of the loan agreement.

### B. The Plaintiffs' Claim for a Loan Modification Fails to State a Claim for Relief and Must be Dismissed.

The Plaintiffs' claim that they have a right to a loan modification is not supported in law or fact. While loss mitigation is offered to borrowers whose loans are in default or who are facing financial hardship, under Massachusetts law, there is no inherent right to a loan workout or an obligation on the part of the mortgagee and/or servicer to modify each and every loan. Moreover, there are no provisions in the loan documents obligating the mortgagee and/or servicer to workout the Plaintiffs' loan. *See Federal National Mortgage Associates v. Tong,* 60 Mass App. Ct. 1105, 2003 WL 22881029, at *1 (2003).

Additionally, the Home Affordable Modification Program ("HAMP") provides borrowers with no express or implied private right of action against loan servicers and/or mortgagees, whether directly or indirectly through state law. *See Williams v. Geithner*, 2009 WL 3757380, at *6 (D. Minn. Nov. 9, 2009) (HAMP guidelines did not intend "to create a property interest in loan modifications for mortgages in default"; *McKensi v. Bank of*

8

*America*, *N.A.*, 2010 WL 3781841, at *5-6 (D. Mass. Sept. 22, 2010) (borrower is not an intended third party beneficiary under HAMP); *Marks v. Bank of America, N.A.*, 2010 WL 2572988, at *4-5 (D. Ariz. June 22, 2010) (Court dismissed the borrower's breach of contract claim holding that he is not an intended beneficiary of HAMP and further that HAMP does not provide a private right of action); *Villa v. Wells Fargo Bank, N.A.*, 2010 WL 935680, at *3 (S.D. Cal. March 15, 2010) (borrower does not have enforceable rights under HAMP); *In re Lacey*, 2011 WL 705479 (Bkrtcy.D.Mass.) (the Plaintiff does not have a private right of action as a third party beneficiary under HAMP); *Speleos v. BAC Home Loans Servicing, L.P.*, No. 10-11503-NMG, 2010 U.S. Dist. Lexis 132111, at *8-*9 (D.Mass. Dec. 14, 2010) ("Most federal courts which have addressed [the] question have held that a borrower does not have standing under HAMP to bring a third-party beneficiary claim.").

Furthermore, even if a trial period plan agreement ("TPP") exists, the Defendant's failure to provide the Plaintiffs with a permanent loan modification is not sufficient to state a claim for breach of contract, independent of HAMP. The TPP is not an enforceable offer for a loan modification. *Vida v. OneWest Bank, FSB*, 2010 WL 5148473, at *6 (D. Or. Dec. 13, 2010). Nor have the Plaintiffs alleged facts establishing consideration and, thus, the existence of a legally enforceable contract. The payments made pursuant to the TPP do not qualify as consideration since the Plaintiffs were already legally obligated to make said payments under the loan agreement. *In re Lloyd, Carr and Co.*, 617 F.2d 882, 890 (1st Cir. 1980) (performance of a preexisting legal duty cannot be considered new, valid consideration); *Vida v. OneWest Bank, FSB*, 2010 WL 5148473, at *7 (D. Or. Dec. 13, 2010) (payments under TPP did not qualify as new consideration).

As noted by the Court in *Wigod v. Wells Fargo Bank, NA*,

> the alleged offer to modify came about and was made wholly under the rubric of HAMP, as were [the plaintiff]'s alleged actions in acceptance of the offer, *i.e.*, submitting the required documentation, and the alleged consideration, *i.e.* remitting reduced loan payments, [the plaintiff] fails to state a cause of action independent of HAMP, for which there is no private right of action.

2011 WL 250501, at *4-5 (N.D. Ill. Jan. 25, 2011)(citing *Vida v. OneWest Bank, FSB*, 2010 WL 5148473, at *6 (D. Or. Dec. 13, 2010).

To ensure servicer compliance with HAMP, Congress delegated compliance oversight to Freddie Mac:

> Per designation by the Secretary, Freddie Mac serves as compliance officer for the HAMP... Nowhere in the HAMP Guidelines, nor in the EESA, does it expressly provide for a private right of action. Congressional intent expressly indicates that compliance authority was delegated solely to Freddie Mac. By delegating compliance authority to one entity, Freddie Mac, Congress intended that a private cause of action was not permitted.

*Marks v. Bank of America, N.A.*, 2010 WL 2572988, at *6.

Moreover, HAMP does not require all loans to be modified and does not create an absolute entitlement to modification, but rather, the statute states specifically that loans may be modified "where appropriate." *See* 12 U.S.C. §5219(c); *See Williams*, 2009 WL 3757380 at *6; *Sankey v. Aurora Loan Services, LLC*, 2010 WL 4450404, at *2 (D. Mass. Nov. 4, 2010) ("[A] lender is not required to modify all eligible loans."). Here, the Defendant was only required to consider the Plaintiff for HAMP and was under no obligation or requirement to modify, even if the Plaintiff was originally approved for a trial period plan.[2 3] *See Marks,*

---

[2] Under the original HAMP guidelines (applying to modification reviews prior to June 1, 2010), if the borrower satisfied the threshold eligibility criteria set forth in Supplemental Directive 09-01, the servicer *had the option* of offering a trial period plan to the borrower, *before* verifying financial information and determining if the

2010 WL 2572988, at *7 ("Because Defendant was not required to admit or deny Plaintiff's loan, only to *consider*, Plaintiff could not have been reasonably believed that Defendant was obligated to modify her loan."). Accordingly, the Plaintiffs do not have standing to enforce HAMP against the Defendant and the denial of the request to modify the Plaintiffs' loan is not a violation of state or federal law and cannot form the basis of a viable claim for relief.

### C. The Plaintiffs Claim of Promissory Estoppel Should be Rejected as a Matter of Law.

The doctrine of promissory estoppel requires that "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee . . . and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." *Steinke v. Sungard Fin. Sys. Inc.*, 121 F.3d 763, 776 (1st Cir. 1997). To prove a claim of promissory estoppel under Massachusetts law, "a plaintiff must allege that "(1) a promisor makes a promise which he should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee, (2) the promise does induce such action or forbearance, and (3) injustice can be avoided only by enforcement of the promise." *Neuhoff v. Marvin Lumber & Cedar Co.*, 370 F.3d 197, 203 (1st Cir. 2004) *(citing Carroll v. Xerox Corp.*, 294 F.3d 231, 242 (1st Cir. 2002)).

It is unreasonable and contrary to the written terms of the Trial HAMP Agreement to infer a promise to permanently modify a loan. The most generous reading of the Plaintiffs' complaint does not support a claim for Promissory Estoppel, as it fails to allege a promise

---

borrower was eligible for a permanent modification. Supplemental Directive 09-01 at pg. 5. Supplemental Directive 10-01, effective June 1, 2010, amended this procedure and now requires the servicer to verify the borrower's eligibility prior to offering a trial period plan. Supplemental Directive 10-01, at pg. 1.
[3] Pursuant to Supplemental Directive 09-01, the trial period plan is three months and may last longer "if necessary to comply with applicable contractual obligations."

11

made by Defendant to Plaintiff, which induced detrimental reliance on the part of the Plaintiff.

## V.  CONCLUSION

In the case at hand, the Plaintiffs' Complaint fails to state claims for relief that are plausible on their face. As a result, the Defendant respectfully requests that this Court grant its Motion to Dismiss or and for such other and further relief as this Court may deem just and proper.

                                                          Respectfully Submitted,
                                                          Aurora Loan Services, LLC
                                                          By its attorneys,

Dated: 7/26/11                              /s/ Reneau J. Longoria
                                                         Reneau J. Longoria, Esq. (BBO #635118)
                                                         John A. Doonan, Esq. (BBO# 547838)
                                                         Stephen M. Valente, Esq. (BBO#663118)
                                                         Doonan, Graves & Longoria, LLC
                                                         100 Cummings Center Suite 225D
                                                         Beverly, MA 01915
                                                         Tel. (978) 921-2670
                                                         Fax (978) 921-4870
                                                         rjl@dgandl.com

## CERTIFICATE OF SERVICE

I, Reneau J. Longoria, hereby certify that on 7/26/11, I served a true and correct copy of the Defendant's Memorandum of Law in Support of its Motion to Dismiss by electronic notification and/or first class mail, postage prepaid, to:

/s/ Reneau J. Longoria
Reneau J. Longoria Esq.

David E. Fortin
15 Forest Street
Pembroke, MA 02359

Susan M. Fortin
15 Forest Street
Pembroke, MA 02359

Marc D. Kornitsky, Esq.
Antico, Barrett, Burke & Kornitsky LLP
One Essex Green Drive
Peabody, MA 01960
mkornitsky@abblegal.com